**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
DONNA EMMELMANN and          :
MICHAEL EMMELMANN,           :
                             :
            Plaintiffs,      :
                             :     Civil Action No.
v.                           :     3:03CV02144 (AWT)
                             :
AMERICAN & FOREIGN           :
INSURANCE COMPANY,           :
                             :
            Defendant.       :
                             :
-----------------------------x
```

**RULING ON MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE,**
**<u>MOTION FOR MORE DEFINITE STATEMENT</u>**

The defendant has moved to dismiss Counts Three, Four, Six, Seven, Eight, Twelve, Thirteen, Fourteen, Fifteen, Sixteen and Eighteen pursuant to Fed. R. Civ. P. 12(b)(6).  With respect to Counts Three, Seven, Thirteen, Fourteen and Eighteen, the defendant moves in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  The motion to dismiss is being granted with respect to each of the above-referenced counts, thereby rendering moot the motion for a more definite statement.

## I.    FACTUAL BACKGROUND

For purposes of this motion, the court accepts as true the plaintiffs' factual allegations as set forth in the Complaint. The plaintiffs are Donna Emmelmann and her son Michael Emmelmann. Defendant American & Foreign Insurance Company ("American") is a corporation duly licensed to transact business in the State of Connecticut and to issue insurance policies.

On or about June 17, 2001, a rainstorm caused water damage to the interior of the plaintiffs' home, including extensive damage to the kitchen floor. The plaintiffs subsequently filed a damage claim with American, the issuer of their homeowner's policy. The plaintiffs allege that it was part of the contract with American that any claims made under the homeowners policy would be thoroughly investigated in a timely manner.

In July 2001, American had the damage evaluated and estimated the cost of repairs, including removal of the linoleum kitchen floor. In September 2001, repairs on the house were begun, and in October, workers recommended by American began removing the linoleum floor by "sanding and/or grinding the linoleum" (Compl. Count One, ¶ 10), which transformed the linoleum into a fine powder. The powder was released into the air and settled over all the interior surfaces of the home and its contents. The linoleum powder contained asbestos in an unhealthy and unsafe concentration.

2

The plaintiffs allege that American failed to recommend skilled, competent and knowledgeable workers to make the repairs and that American further failed to quickly identify and abate the hazard created by removing the floor, which extended the plaintiffs' exposure to hazardous levels of asbestos.

## II.  LEGAL STANDARD

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The task of the court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks and citation omitted).  The court is required to accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff.  See Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  See also DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) ("A complaint

which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)."); Furlong v. Long Island Coll. Hosp., 710 F.2d 922, 927 (2d Cir. 1983) (noting that while "Conley permits a pleader to enjoy all favorable inferences from facts that have been pleaded, [it] does not permit conclusory statements to substitute for minimally sufficient factual allegations.").

## III. DISCUSSION

### A. Counts Three and Eighteen: Implied Covenant of Good Faith and Fair Dealing

There is an implied covenant of good faith and fair dealing between insurance companies and their insureds. Buckman v. People Express, Inc., 205 Conn. 166, 170 (1987). In order to state a claim for bad faith under Connecticut law, three essential elements must be alleged;

> first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant was acting in bad faith.

Franco v. Yale Univ., 238 F. Supp. 2d 449, 455 (D. Conn. 2002), aff'd, 80 Fed. App. 707 (2d Cir. 2003).

The plaintiffs allege that American made "express and/or implied representations" that any claim submitted would be thoroughly investigated in good faith (Compl. Count Three, ¶ 9.),

4

and that American represented that any workers hired to repair the house would be skilled, competent and knowledgeable. The plaintiffs also allege that American had a duty to "act fairly and reasonably in investigating and satisfying claims made pursuant to the policy" (Compl. Count Three, ¶ 10), a duty to recommend skilled, competent and knowledgeable workers to make the repairs, and a duty to promptly fix the hazardous condition created as a result of the method used to remove the linoleum. The Complaint alleges that American failed in locating skilled, competent and knowledgeable individuals and further failed to perform its duty to inspect and abate the hazard created by the sanding and/or grinding the linoleum floor.

In order to satisfy the third element of this claim, the plaintiffs must allege facts that could show that American was acting in bad faith when it recommended the workers who performed the repairs or when it was unresponsive to the plaintiffs' requests once unsafe conditions were created. In order to have acted in bad faith, American must have "engaged in conduct design[ed] to mislead or to deceive . . . or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties." Elm St. Builders, Inc. v. Enter. Park Condo. Ass'n, Inc., 63 Conn. App. 657, 667-68 (2001) (citation and internal quotation marks omitted). "[A]n insurer may not cut off benefits on the basis of

unsupported determinations resulting from its arbitrary failure or refusal to properly perform the claims examination function." Uberti v. Lincoln Nat. Life Ins. Co., 144 F. Supp. 2d 90, 104 (D. Conn. 2001).  However, the plaintiffs do not allege facts that could show such arbitrary conduct.  "[A] mere coverage dispute or negligence by an insurer in conducting an investigation," Martin v. Am. Equity Ins. Co., 185 F. Supp. 2d 162, 165 (D. Conn. 2002), is not sufficient to state a claim of bad faith against an insurer.

Accordingly, the allegations in the Complaint fail to state a claim for breach of the implied covenant of good faith and fair dealing, and Counts Three and Eighteen are being dismissed.

**B.   Counts Four and Twelve: CUIPA and CUTPA**

Count Four is a claim brought pursuant to the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. §§ 38a-815 et seq. ("CUIPA").  Under § 38a-816(6), CUIPA requires that, in order to be considered an unfair practice, certain claim settlement practices occur with such frequency that they indicate a general business practice.

The Complaint fails to allege facts that could support a conclusion that the defendant's actions were part of a general business practice.  The mere allegation that American failed to properly abate the asbestos contamination at the plaintiffs' home is not sufficient to support a conclusion that there was a

6

general practice of treating insureds the way the plaintiffs were treated, and thus state a claim for a CUIPA violation.  Thus, the plaintiffs have failed to allege a violation of CUIPA.  This means that a necessary predicate to stating a claim pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. ("CUTPA") is absent.  "A plaintiff may not bring a cause of action under CUTPA based on conduct, which does not also violate CUIPA where the alleged misconduct is related to the insurance industry."  O&G Indus., Inc. v. Travelers Prop. Cas. Corp., No. 010084433S, 2001 WL 1178709, at *3 (Conn. Super. Ct. Sept. 7, 2001).  Thus, the allegations in the Complaint also fail to state a claim for violation of CUTPA.  Accordingly, Counts Four and Twelve are being dismissed.

**C.   Counts Six, Thirteen and Fourteen:**
**      Negligent Infliction of Emotional Distress**

To prevail on a claim for negligent infliction of emotional distress under Connecticut law, the "plaintiff has the burden of pleading and establishing that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm."  Morris v. Hartford Courant Co., 200 Conn. 676, 683 (1986) (citation, internal quotation marks and emphasis omitted).

The Complaint alleges that the plaintiffs were exposed to an unsafe concentration of asbestos as a result of the method used

7

to remove the linoleum floor and that American failed to identify
and remedy the problem quickly.  However, the plaintiffs fail to
allege that American had any knowledge that the kitchen floor
contained asbestos.  In the absence of such an allegation, the
claim is, in substance, one that the removal of the floor, which
was done to repair water damage to the home, and/or failure to
identify and remedy the problem that resulted from removal of the
floor, created an unreasonable risk of causing emotional distress
to the plaintiffs.  Such allegations are not sufficient to state
a claim for negligent infliction of emotional distress.
Accordingly, Counts Six, Thirteen and Fourteen are being
dismissed.

      **D.**   **Counts Seven and Fifteen:**
                 **<u>Intentional Infliction of Emotional Distress</u>**

In order to state a claim for intentional infliction of
emotional distress under Connecticut law, the plaintiff must
allege: "(1) that the actor intended to inflict emotional
distress or that he knew or should have known that emotional
distress was a likely result of his conduct; (2) that the conduct
was extreme and outrageous; (3) that the defendant's conduct was
the cause of the plaintiff's distress; and (4) that the emotional
distress sustained by the plaintiff was severe."  <u>Appleton v. Bd.
of Educ.</u>, 254 Conn. 205, 210 (2000).

Drawing all reasonable inferences in favor of the
plaintiffs, they have failed to satisfy the first and second

elements of the claim because they do not allege that American knew or should have known that asbestos would be released as a consequence of the removal of the linoleum floor.  In the absence of such an allegation, one cannot reasonably conclude that American intended to inflict emotional distress, or should have known it was a likely result of its conduct, nor that American's conduct was extreme and outrageous.  See Appleton, 254 Conn. at 210-11 ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.").  Accordingly, Counts Seven and Fifteen are being dismissed.

### E.   Counts Eight and Sixteen: Recklessness

The Connecticut Supreme Court has held that

> Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and the actor "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent."

Bishop v. Kelly, 206 Conn. 608, 614-15 (1988) (internal citation and quotation omitted).  "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on."  Dumond v. Denehy, 145 Conn. 88, 91

(1958).  "Simply using the word 'reckless' or 'recklessness' is
not enough.  A specific allegation setting out the conduct that
is claimed to be reckless or wanton must be made."  Id.  "The
reiteration of acts previously asserted to support a cause of
action in negligence, without more, cannot be transformed into a
claim of reckless misconduct by mere nomenclature."  Comparone v.
Cooper, CV-92-293125, 1992 WL 219293, *2 (Conn. Super., Aug. 27,
1992).

Here, the plaintiffs set forth factual allegations in Counts
One and Nine and label them negligent and then set forth the same
factual allegations in Counts Eight and Sixteen, with no
additional allegations as to the wrongful acts or omissions by
American, but label them reckless.  "Where one count of a
complaint sounds in negligence and another count attempts to
state a cause of action for recklessness by relying on the same
fact pattern as the negligence count and simply referring back to
such conduct as recklessness, a cause of action for recklessness
has not been sufficiently alleged."  Anderson v. Ansaldi, CV-92-
0452576S, 1993 WL 21469, *1 (Conn. Super., Jan. 22, 1993).
Accordingly, Counts Eight and Sixteen are being dismissed.

**IV.  <u>CONCLUSION</u>**

For the reasons set forth above, American's Motion to
Dismiss, or in the Alternative, Motion for More Definite
Statement (Doc. No. 24) is hereby GRANTED.  Counts Three, Four,

Six, Seven, Eight, Twelve, Thirteen, Fourteen, Fifteen and

Eighteen are hereby DISMISSED, and the request for a more

definite statement is thereby rendered moot.

It is so ordered.

Dated this 30th day of March 2006, at Hartford, Connecticut.

/s/Alvin W. Thompson

_____
Alvin W. Thompson
United States District Judge

11